IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SHAUN TREMAIN MATTHEWS, #1163496 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-326 |
| | § | |
| NATHANIEL QUARTERMAN | § | |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Shaun Tremain Matthews, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). Respondent filed a Motion for Summary Judgment seeking the dismissal with prejudice of Petitioner's writ because it is time barred (Instrument No. 10). Petitioner filed an Response.[1] (Instrument No. 12). Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 405th District Court of Galveston County, Texas in Cause No. 02-CR-1151, on March 7, 2003. State Records ("S.R.") at 21. Petitioner was charged with aggravated assault with a prior felony conviction alleged for purposes of enhancement. S.R. at 17-18. Pursuant to a plea agreement,

---

[1] The Response Petitioner filed in this case is identical to the one he filed his other Federal Writ Petition, Case No. G-06-327, in which he challenges his other state court conviction.

Petitioner pled guilty to aggravated assault and pled true to the enhancement. S.R. at 21-22, 26. Petitioner received a sentence of twenty (20) years confinement. S.R. at 21.

No appeal was taken from this conviction. On January 3, 2006, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure, which was later denied by the Texas Court of Criminal Appeals on March 1, 2006. *Ex parte Matthews*, Applic. No. WR-64,107-02. Petitioner filed the instant writ on May 12, 2006.[2] The grounds Petitioner raises in his federal habeas corpus writ all arise out of his conviction. Specifically, he alleges: (1) his plea of guilty was unlawfully induced and made involuntarily; and (2) he was denied effective assistance by trial counsel who failed to investigate his competency to stand trial and sanity at the time of the offense. Pet'r Writ at 6-7; Pet'r Memo. in Support of Fed. Writ at 9-12; 13-14.

*Statutory Limitations Issue*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for state prisoners filing federal habeas corpus petitions. 28 U.S.C.A. § 2244(d)(1); *see also Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001) (recognizing the AEDPA explicit limitation period for state prisoners filing federal habeas petitions). The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] This is the date that Petitioner declares he placed the writ in the prison mailing system. Fed. Writ. Pet. at 9. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to federal writ petitions).

     (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(1)-(2).  Petitioner does not satisfy any of exceptions (B), (C) or (D) to the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(1)(B)-(D).[3]  Accordingly, the one-year limitations began on the date the judgment in this case became final.  28 U.S.C. § 2244(d)(1)(A).

  The judgment against Petitioner became final on April 6, 2003.  Under the AEDPA, unless tolled, Petitioner had until April 6, 2004, to file a federal writ of habeas corpus.  Petitioner did not file his first state writ until January 3, 2006, well after the expiration of the limitations period.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001) (holding state application filed after expiration of limitations period does not statutorily toll limitations period).  Petitioner's federal writ was not filed until May 12, 2006.  Therefore, unless equitably tolled, Petitioner's federal writ is time barred by the one-year limitations period.

---

[3] To the extent that Petitioner alleges in his Response that the Texas Court of Criminal Appeals ("TCCA") is partly to blame if he is time barred, any such assertion would lack merit since the federal limitation period expired long before he even filed his state writ.

*Equitable Tolling Issue*

The one-year limitations period is subject to equitable tolling, but only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  Moreover, the Fifth Circuit has approved of equitable tolling in very limited circumstances, "principally where the plaintiff is actively mislead by the defendant upon the cause of action or is prevented in some extraordinary way from asserting his rights." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003) (quoting *Coleman*, 184 F.3d at 402);  *but see*, *Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir. 1996) (application of equitable tolling is not warranted for "garden variety claims of excusable neglect.").  Although the Fifth Circuit has also recognized that mental illness may support a tolling of the AEDPA statutory time period, such mental illness must render the petitioner unable to pursue his legal rights during the relevant time period. *Fisher*, 174 F.3d at 715-16.  Accordingly, a court must not only be convinced that a mental condition existed at the time, but that the condition was an impediment to filing in a timely manner. *See id.*  A petitioner bears the burden of proof and "must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner alleges that he is entitled to equitable tolling because he has "serious mental problems and seizures which he was born with."  Pet'r Resp. at 3.  In particular, Petitioner alleges that he is a paranoid schizophrenic, for which he also takes medication, and also states that he takes

4

medication for his seizure condition.[4]  Petitioner contends that the "main reason for the months that elapsed <u>during 2005</u>, have a lot to do with 5 document[ed] seizures" he had on the Beto One Unit during 2005.  Pet'r Resp. at 3.  However, other than his conclusory allegations, Petitioner provides no basis for this Court to conclude that his mental state was so impaired during the relevant time (*i.e.*, April 2003 to April 2004) that he could not pursue his legal remedies before the one-year limitations period expired in April 2004.  *See Fisher*, 174 F.3d at 715-16 (refusing to grant equitable tolling for a prisoner who was mentally ill and confined with no access to legal materials or eyeglasses, leaving him legally blind); *see generally, Aragon v. Dretke*, 4-04-CV-607-Y, 2005 WL 43973 at *1 (N.D. Tex. Jan. 6, 2005) (petitioner not entitled to equitable tolling without evidence that claimed mental disability prevented him from understanding and asserting his legal rights during the relevant time period); *see also Hughes v. Cockrell*, No. 3:01-CV-2256-L, 2003 WL 21510812 at *4 (N.D. Tex. Mar. 31, 2003) (rejecting claim that IQ of 81, standing alone, entitled petitioner to equitable tolling).  The Court also observes that Petitioner did not file any habeas challenge to his conviction (state cause no. 02-CR-1151) until January 3, 2006, more than 2-1/2 years after his conviction became final.  Petitioner's delay in filing his state habeas applications weighs against equitable tolling.  *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Petitioner does not identify any other grounds for equitable tolling and the record discloses none.  It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing.  *Felder v. Johnson*, 204 F.3d 168, 172 (5th

---

[4] Petitioner submits no documentation that confirms his diagnosis of paranoid schizophrenia, his seizure disorder, or the medications prescribed for these conditions.

Cir.), *cert. denied*, 531 U.S. 1035 (2000); *Fisher*, 174 F.3d at 714. The Court therefore **RECOMMENDS** that the Petition be **DISMISSED**.

## CONCLUSION

For all the reasons stated herein, the Court **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 10) be **GRANTED**; Petitioner's "Motion for Discovery" and his "Motion for an Evidentiary Hearing," both of which are contained within his Writ (Instrument No. 1) be **DENIED**; and the Petition for a Writ of Habeas Corpus of Shaun Tremain Matthews (Instrument No. 1) be **DISMISSED** as time-barred.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **November 6, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this     17th     day of October, 2006.

John R. Froeschner
United States Magistrate Judge